UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
JAN 2 9 2013
U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. S1-4:12 CR 383 JCH |
| ) | |
| STEPHEN B. EVANS, ) | |
| ) | |
| Defendant. ) | |

# SUPERSEDING INFORMATION

## COUNT ONE

The United States Attorney charges that:

**Introduction**

1. Stephen B. Evans ("Evans"), the defendant herein, was an attorney who was licensed to practice law in Missouri and elsewhere.

2. Evans maintained a general law practice and represented clients on a variety of matters. Many of Evans's clients retained his services on a contingent fee basis. In such contingent fee cases, Evans represented to his client that, if he was successful, he would be paid an agreed upon percentage of the settlement or judgment, pay the client's expenses such as medical bills, and pay the remainder to the client.

3. Often, Evans's clients were suing and seeking payments from individuals and businesses who had insurance policies to cover accidents, negligence, and contract disputes.

4. When Evans prevailed on behalf of a client, the insurance company or other payor would often mail a check to Evans, at his law firm address. Typically, such checks would be made payable to Evans or his law firm and the client by name.

5. Checks payable to Evans and his client would typically be deposited into a trust account or other bank account over which Evans had control and authority.

6. In some instances, settlement payments were wire transferred directly to a bank account controlled by Evans.

7. Beginning in or around 2007, and continuing until in or around 2012, the exact dates being unknown, in the Eastern District of Missouri,

**STEPHEN B. EVANS,**

the defendant herein, did knowingly devise and execute a scheme to defraud and to obtain moneys, funds, credits and properties by means of materially false and fraudulent pretenses, representations, and promises.

8. In general, the scheme involved Evans keeping funds intended to be paid to a client or to pay a client's expenses and thereafter converting those funds to other uses, including his own uses. In some cases Evans falsely represented to the client how he was using and going to use settlement funds.

9. As part of the scheme, Evans would receive settlement payment checks and unbeknownst to the client, sign the client's name to the check, and deposit the check into an account Evans controlled.

10. As part of the scheme, Evans would sometimes receive a settlement payment by check or wire transfer and thereafter fraudulently convert the funds to his own use rather than paying his client and the client's expenses as represented and promised.

11. As part of the scheme, Evans would sometimes receive a settlement payment and send a partial payment to the client, while falsely representing to the client that Evans was going

2

to use a portion of the remainder of the funds to pay medical or other expenses.

**Mail Fraud**

12. In or around February 2008, Evans agreed to represent a person referred to herein as "L.F." in connection with injuries L.F. sustained in an automobile accident. This representation was to be on a contingent fee basis.

13. On or about January 7, 2011, State Farm Mutual Automobile Insurance Company ("State Farm") mailed to Evans check number 556509, drawn on a State Farm bank account, in the amount of $25,502.50, and payable to "L.F." individually and Evans as her attorney. This check was paid in settlement of L.F.'s automobile accident claim.

14. On or about January 27, 2011, Evans signed his name and L.F.'s name on the above-noted State Farm check, and deposited the check into his lawyer trust account.

15. On or about March 28, 2011, Evans mailed and caused to be mailed to L.F., check number 1686, drawn on his lawyer trust account, in the amount of $7,500.00, and payable to L.F. The memo line on the check indicated that it was a partial settlement payment. In connection with mailing this check, Evans falsely advised L.F. that Evans was going to take steps to reduce L.F.'s medical expenses and use additional settlement funds for such purposes, and that L.F. would receive additional funds later. Evans did not use the remaining funds to pay L.F.'s medical expenses and made no further payments to L.F. from the State Farm settlement check.

16. On or about March 28, 2011, in the Eastern District of Missouri and elsewhere,

**STEPHEN B. EVANS,**

the defendant herein, having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of material false and fraudulent pretenses,

3

representations, and promises, and for the purpose of executing this scheme to defraud and in attempting to do so, did cause to be mailed to L.F. in Illinois, check number 1686, drawn on Evans's lawyer trust account, in the amount of $7,500.00, and payable to L.F.

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT TWO

The United States Attorney further charges that:

1. Paragraphs 1 through 11 of Count One are realleged and incorporated by reference herein.

**Wire Fraud**

2. In or around July 2005, Evans undertook the representation of a business known as Dust Solutions, Inc., in connection with a civil dispute involving US Steel Corp. Dust Solutions paid Evans approximately $10,361.00 for his legal services. This was not a contingent fee arrangement. Thus, Evans represented that Dust Solutions would be entitled to the full amount of any settlement obtained on its behalf.

3. In or around May 2011, Dust Solutions authorized Evans to settle its dispute with US Steel for $17,500, which Dust Solutions believed would be paid to them.

4. On or about May 9, 2011, US Steel caused a wire transfer of $17,500 to be sent to Evans's lawyer trust account in interstate commerce. Evans converted the entire amount of the wire transfer to his own use and did not remit any payment to Dust Solutions.

5. On or about May 9, 2011, in the Eastern District of Missouri and elsewhere,

**STEPHEN B. EVANS,**

the defendant herein, having devised and intending to devise a scheme and artifice to defraud,

and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, and for the purpose of executing this scheme to defraud and in attempting to do so, did knowingly transmit and cause to be transmitted in interstate commerce by wire certain writings, signs, signals, pictures, and sounds, namely an interstate wire transfer of $17,500 sent on behalf of US Steel to Evans's lawyer's trust account.

In violation of Title 18, United States Code, Sections 1343 and 2.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

JOHN M. BODENHAUSEN, #49568
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

UNITED STATES OF AMERICA       )
EASTERN DIVISION               )
EASTERN DISTRICT OF MISSOURI   )

I, John M. Bodenhausen, Assistant United States Attorney for the Eastern District of Missouri, being duly sworn, do say that the foregoing information is true as I verily believe.

_____
JOHN M. BODENHAUSEN, #49568

Subscribed and sworn to before me this 29th day of January 2013.

_____
CLERK, U.S. DISTRICT COURT

By: _____
     DEPUTY CLERK